IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02303-PAB-KLM

DANIEL ONODERA,

     Plaintiff,

v.

BEVERLY DOWIS, Health Services Admin,
KATHLEEN MELLOH, Physician Assistant,
JOANN STOCK, Physician Assistant,
STEPHAN KREBS, P.H.P. M.D.,
JULIE RUSSEL, ADA Inmate Coordinator,
PAULA FRANTZ, Chief Medical Officer, and
ANTHONY DeCESARO, Grievance Officer,

     Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion for Preliminary Injunctive Relief** [Docket No. 19; Filed January 13, 2011] (the "Motion").  Pursuant to Fed. R. Civ. P. 65(a), "a preliminary injunction [may issue] only on notice to the adverse party."  As this case was only recently drawn to a District Judge and a Magistrate Judge, service on Defendants has not yet been accomplished and they have not been made parties to this action.  Although the Court could liberally construe the Motion as one seeking a temporary restraining order, I need not do so here where the Motion does not contain "specific facts in an affidavit [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *See* Fed. R. Civ. P. 65(b)(1).  Accordingly,

     IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice as premature**.  The Motion may be refiled, if necessary, after service of the case is

accomplished on Defendants.

In addition, the Court notes that the Motion does not contain sufficient detail about the nature of Plaintiff's injury and its alleged emergent and irreparable nature.  *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).  Further, the Motion does not clearly define what injunctive relief Plaintiff seeks to secure.  To the extent that the Motion is refiled, it must be based on more than conclusory, undetailed allegations to entitle Plaintiff to substantive review of the merits. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)); *see also Bryant v. NFL, Inc.*, No. 07-cv-02186, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that conclusory allegations will not support a motion for injunctive relief).

Dated:  January 14, 2011