IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02303-PAB-KLM

DANIEL ONODERA,

    Plaintiff,

v.

BEVERLY DOWIS, Health Services Admin,
KATHLEEN MELLOH, Physician Assistant,
JOANN STOCK, Physician Assistant,
STEPHAN KREBS, P.H.P. M.D.,
PAULA FRANTZ, Chief Medical Officer,
JOSEPH FORTUNATO, M.D., and
NICOLE WILSON, Medical Records Admin.,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Preliminary Injunctive Relief (Amended)** [Docket No. 59; Filed April 7, 2011] (the "Motion"). The Court denied Plaintiff's initial motion for injunctive relief without prejudice on the grounds that it was premature and not sufficiently detailed [Docket Nos. 19 & 22].

    Defendants responded in opposition to Plaintiff's Motion on April 28, 2011 [Docket No. 68]. Because a reply would not materially assist my review, I consider the matter to be fully briefed and ripe for review. D.C.COLO.LCivR 7.1C. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation. Having reviewed the relevant pleadings and being sufficiently advised, the Court **RECOMMENDS** that the Motion be **DENIED**.

## I.  Factual Background

Plaintiff is a prisoner proceeding *pro se*. He is presently incarcerated by the Colorado Department of Corrections ("CDOC") at the Sterling Correctional Facility in Sterling, Colorado. Defendants are medical service providers who are employed by CDOC or provide medical care to CDOC prisoners on a contract basis. This matter involves the alleged deliberate indifference by Defendants in the provision of medical care to Plaintiff for an Achilles tendon and knee injury. *Amended Complaint* [#66] at 4-5. In the Amended Complaint, Plaintiff requests injunctive relief in the form of "adequate and proper medical care and treatment" and compensatory and punitive damages. *Id.* at 15. In advance of receiving this relief at the conclusion of his case, Plaintiff seeks the provision of orthotics and examination by an outside specialist. *Motion* [#59] at 4.

## II.  Legal Standard

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that:  (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* Here, I find that Plaintiff is unable to meet his burden to show that a preliminary injunction is necessary.

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving

party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks a preliminary injunction which would (1) enjoin Defendants from continuing the current course of his medical treatment; (2) require Defendants to provide Plaintiff with orthotics; and (3) require Defendants to provide Plaintiff with a physical examination by an outside specialist. Given the relief that Plaintiff seeks, the relief sought would alter the status quo rather than preserve it and would also require Defendants to act. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Schrier*, 427 F.3d at 1259, 1261. Therefore, "the right to relief must be clear and unequivocal." *Id.* at 1258.

Additionally, I must consider well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269-70 & n.2 (4th Cir.

1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

### III. Analysis

#### A. Irreparable Injury

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that,

when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. Dec. 17, 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm. For example, Plaintiff's contention that "[d]iscontinuation of the use of orthotics *can* significantly increase the chances of" permanent injury, see *Motion* [#59] at 3 (emphasis added), is entirely speculative and does not evidence a clear and present need to alter the status quo. Likewise, Plaintiff's general and unsupported assertion that "[a]n irregular gait . . . results in abnormal wear and tear . . . [and] a permanent disability if not treated," *id.*, does not show that this Plaintiff will, in fact, suffer such injury. Finally, Plaintiff's allegation that the lack of treatment "has exaggerated Plaintiff's obvious limp," *id.*, does not raise an injury that exceeds "merely serious or substantial harm." *See Heideman*, 348 F.3d at 1189.

Simply, Plaintiff's conjectural and unsubstantiated allegations fail to demonstrate the type of imminent and irreparable harm meant to be addressed by injunctive relief. *See Connecticut*, 282 U.S. at 674 (noting that injunctive relief will not lie where alleged injury is merely feared to occur at some time in the future). Given that I find no support for Plaintiff's conclusory allegations or – even if such contentions were true – that irreparable injury is imminent, injunctive relief is subject to denial on this basis alone. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief); *Dominion*, 356 F.3d at 1260 (noting that

without irreparable harm, injunctive relief is not available). In the interest of completeness, the Court also briefly addresses the remaining factors applicable to determine whether a preliminary injunction should enter.

### B. Balance of Harm and Public Harm

In order to be entitled to entry of a preliminary injunction, Plaintiff must also demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. In relation to the balance of harm, Plaintiff assumes that the cost of receiving his desired course of medical treatment outweighs any "budgetary constraints or financial burden suffered by the opposing party." *Motion* [#59] at 2. This assumption fails to take into account the full gravity of the financial and logistical burdens imposed on Defendants if they were ordered to treat Plaintiff any differently.

As noted above, the Court's interference with Defendants' day-to-day decisions regarding how to manage this Plaintiff's medical care, particularly to the extent that Plaintiff's requested relief would deviate from how Defendants manage all other inmates, would significantly undermine their discretion and autonomy. *See Taylor*, 34 F.3d at 269-70. While Plaintiff expresses the preference for better treatment, he fails to persuasively articulate how his preference could be effectively carried out and monitored with minimal impact on Defendants. Further, the Court notes that Plaintiff does not demonstrate that Defendants have been unresponsive to Plaintiff's concerns, such that the extreme action of Court intervention would appear to be necessary. To this end, Plaintiff's citation to exhibits attached to a different pleading as proof that Defendants have not been providing

him proper care is unavailing [Docket No. 58 at 8-11]. Contrary to Plaintiff's assertion, many of the exhibits merely indicate that Plaintiff has difficulty standing for long periods and should be supplied with ace bandages.[1] Accordingly, the Court finds that Plaintiff has failed to make the requisite showing regarding this factor for entry of a preliminary injunction.

Next, in relation to the public interest, I note that Plaintiff's self-serving assertion that "[t]he public interest is best served by granting [injunctive relief]," *Motion* [#59] at 2, is contradicted by Defendants' contention that the type of care Plaintiff desires impacts their ability to provide for the safety of staff and other inmates. *Response* [#68] at 9. Moreover, Defendants contend, and the Court agrees, that the public interest is not served by "allow[ing] an inmate to dictate the medical treatment he receives while incarcerated." *Id.* To this end, the Court notes that the public would ultimately have to bear the cost of any required treatment, e.g., the provision of a medical examination from an outside specialist. While in this isolated case, such cost may be minimal, the Court finds that the public interest is best served by upholding the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear. The Court's monitoring of and control over Defendants' day-to-day treatment of Plaintiff and the management of the facility's medical services or provisions would be adverse to the public interest, and the Court finds that Plaintiff has failed to meet his burden in relation to this factor. *See, e.g.*, *Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *17 (D. Colo. May 27, 2008)

---

[1] One of the four referenced exhibits is dated January 21, 2011 and specifically indicates that Plaintiff has now been approved to receive orthotics and that they "are on order" [Docket No. 58 at 8]. This exhibit raises the question as to whether at least a portion of the Motion is moot. Nevertheless, because it is not addressed by Defendant, the Court does not consider the issue further.

(unpublished decision).

    **C.    Substantial Likelihood of Success on the Merits**

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims. *Schrier*, 427 F.3d at 1258. Plaintiff brings Eighth Amendment medical deliberate indifference claims regarding his treatment by Defendants. *Amended Complaint* [#66] at 6-13. In relation to the present Motion, Plaintiff fails to specifically address whether he would succeed on the merits of any of his underlying claims, except to note that "[a] trier of fact will conclude that there is a material fact of genuine issue and that the petitioner is entitled to judgement as a matter of law." *Motion* [#59] at 2. This conclusory assertion is insufficient to meet Plaintiff's burden. *See Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that conclusory allegations will not support a motion for injunctive relief). Moreover, the Court notes that Plaintiff's claims are premised on Defendants' alleged delay in providing proper medical care. To be successful, this allegation requires a showing that the delay led to substantial harm. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). As noted above, other than Plaintiff's vague and unsubstantiated suggestion that substantial harm could occur, Plaintiff fails to articulate or show that he actually suffered substantial harm.

I find that there is no evidence at this stage that Plaintiff has a substantial likelihood of success on the merits of his underlying claims. Accordingly, Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction. In particular, Plaintiff has failed to carry his burden of establishing that the circumstances under which he is currently

incarcerated give rise to imminent and substantial harm. No hearing is required.[2]

## IV. Conclusion

For the reasons set forth above, I respectfully **RECOMMEND** that Plaintiff's Motion [#59] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

---

[2] Rule 65(a) does not explicitly provide that an evidentiary hearing is required before ruling on a motion for a preliminary injunction. Injunctions may be denied without a hearing and based solely on the written evidence if "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2949, at 225-26 (2d ed. 1995); *see also Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (hearing unnecessary if movant cannot introduce sufficient evidence to justify granting the preliminary injunction). Specifically, the Court notes that the Tenth Circuit does not require the Court to hold an evidentiary hearing before denying a motion for a preliminary injunction. *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191 (table) (10th Cir. June 10, 1998). Nor is an evidentiary hearing indispensable in ruling on a motion for a preliminary injunction. *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988). Whether a hearing should be held is a matter for the Court's discretion. *Id.*; *see also Prosper, Inc. v. Innovative Software Techs.*, 188 Fed. Appx. 703, 705-06 (10th Cir. June 29, 2006) (holding that when allegations related to request for injunctive relief are not supported by the record, no hearing is required); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 299 (2d Cir. 1999) (noting that a formal hearing on consideration of injunctive relief is not required when parties are given opportunity to fully brief the issue).

1996).

Dated:  April 29, 2011

                                      BY THE COURT:

                                       s/ Kristen L. Mix
                                      United States Magistrate Judge
                                      Kristen L. Mix