IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02303-PAB-KLM

DANIEL ONODERA,

    Plaintiff,

v.

BEVERLY DOWIS, Health Services Admin,
KATHLEEN MELLOH, Physician Assistant,
JOANN STOCK, Physician Assistant,
STEPHAN KREBS, P.H.P. M.D.,
PAULA FRANTZ, Chief Medical Officer,
JOSEPH FORTUNATO, M.D., and
NICOLE WILSON, Medical Records Admin.,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Stay of Civil Action** [Docket No. 78; Filed June 1, 2011] and **Motion for the Court to be Custodian of Legal Documents** [Docket No. 80; Filed June 2, 2011] (collectively, the "Motions"). The Motions contain two requests for relief: (1) a request for a stay of this case; and (2) a request that the Court take custody of Plaintiff's legal documents while he is incarcerated at the Denver County Jail as part of the Denver Transitional Housing Program (the "Program"). Plaintiff represents that the Program "expressly forbids inmates from bringing any and all personal belongings (including legal documents) with them" when they arrive from their former Colorado Department of Corrections facility. *Motion for Stay* [#78] at 1. Plaintiff therefore requests that the Court stay this case and take custody of his legal materials until he is released from the Program.

    The Court finds that a stay of this case is not warranted at this juncture. The Court has issued a Recommendation [Docket No. 83] to dismiss all but two of Plaintiff's claims. The Recommendation is currently pending before District Judge Phillip A. Brimmer. A scheduling conference will not be set until after Judge Brimmer rules on the Recommendation. Accordingly, there are currently no case management deadlines from which Plaintiff needs relief. Moreover, Plaintiff chose to bring this civil action voluntarily

knowing the limitations he would face due to his lack of legal training and incarcerated status. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Court's Local Rules.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

The Court also notifies Plaintiff that, despite his *pro se* status, it cannot serve as his advocate.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Accordingly, the Court simply cannot act as the custodian of Plaintiff's legal documents.

IT IS HEREBY **ORDERED** that the Motions [#78 & 80] are **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to send the personal legal documents [Docket No. 81] that Plaintiff has mailed to the Court to the following address:

Daniel Onodera
1804 Lincoln Drive
Longmont, CO 80501

Dated:  June 7, 2011