IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02303-PAB-KLM

DANIEL ONODERA,

    Plaintiff,

v.

BEVERLY DOWIS, Health Services Admin,
KATHLEEN MELLOH, Physician Assistant,
JOANN STOCK, Physician Assistant,
STEPHAN KREBS, P.H.P. M.D.,
PAULA FRANTZ, Chief Medical Officer,
JOSEPH FORTUNATO, M.D., and
NICOLE WILSON, Medical Records Admin.,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on June 6, 2011 [Docket No. 83]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 7, 2011. On June 28, 2011 the clerk mailed a copy of the Recommendation to plaintiff at his updated address and the Court extended the time for plaintiff to file an objection to July 12, 2011. [Docket No. 88]. On July 12, 2011 [Docket No. 91] the Court granted plaintiff's motion [Docket No. 90] for an extension of time, extending the time for plaintiff to file an objection to August 11, 2011. On July 27, 2011 plaintiff filed a Notice of Change of Address [Docket No. 92], and the clerk mailed the order granting an extension of time to the new address provided by

plaintiff.  That mailing was returned as undeliverable.  To date no party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** as follows:

1.  The Recommendation of United States Magistrate Judge [Docket No. 83] is ACCEPTED.

2.  Defendants' Motion to Dismiss [Docket No. 70] is GRANTED IN PART AND DENIED IN PART.

3.  Plaintiff's claims against defendants in their official capacities are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

4.  Plaintiff's delay in treatment claims against defendant Dowis and Fortunato in their individual capacities are not dismissed.

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

     5.  All of plaintiff's other claims are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).


DATED August 19, 2011.

                             BY THE COURT:

                             s/Philip A. Brimmer
                             PHILIP A. BRIMMER
                             United States District Judge