IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02303-PAB-KLM

DANIEL ONODERA,

    Plaintiff,

v.

BEVERLY DOWIS, Health Services Administrator, and
JOSEPH FORTUNATO, M.D.,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court *sua sponte*. After the District Judge accepted this Court's Recommendation on August 19, 2011, the Court entered an Order Setting Scheduling/Planning Conference for October 26, 2011, at 10:30 a.m. Docket Nos. 96, 97. The Order instructed that Plaintiff and Defendants must hold a prescheduling conference meeting at least twenty-one (21) days before the Scheduling Conference. Further, the Order explicitly stated that Plaintiff was responsible for preparing a proposed scheduling order in accordance with Fed. R. Civ. P. 26(f), as amended.

Defendants timely filed a proposed scheduling order [Docket No. 99], and counsel for Defendants appeared at the Scheduling Conference on October 26, 2011. Defendants' counsel represented that he attempted to contact Plaintiff via mail at the address listed on the docket regarding preparation of the proposed scheduling order, to no avail.[1] In

---

[1] Defendants' counsel stated that the letter was not returned as undeliverable.

Defendants' Submission of Proposed Scheduling Order [Docket No. 99], Defendants averred that their counsel "has not received any input in response by Plaintiff" as to the proposed scheduling order; thus, the proposed scheduling order was submitted by Defendants without contribution by Plaintiff.  Plaintiff did not appear for the Scheduling Conference on October 26, 2011, nor did Plaintiff contact Chambers or submit a writing on the docket related to his nonappearance.

Plaintiff proceeds in this matter *pro se.*  The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, Plaintiff, as a *pro se* litigant, must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

In light of Plaintiff's failure to confer with Defendants regarding the preparation of the proposed scheduling order, failure to prepare and submit a proposed scheduling order, and failure to appear for the October 26, 2011 Scheduling Conference, the Court finds that Plaintiff has failed to meaningfully participate in his case and prosecute this lawsuit.  Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an

action.[2]  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  Given Plaintiff's *pro se* status, the Court must carefully conduct its analysis and consider the range of available sanctions.  *See Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (considering dismissal with or without prejudice, or partial dismissal as a possible sanction pursuant to *Ehrenhaus*).

### 1. Prejudice to Defendants

Plaintiff's neglect of his case and noncompliance with the Court's Order has prejudiced Defendants.  They have defended the lawsuit in good faith, attempted to confer with Plaintiff, drafted the proposed scheduling order (although Plaintiff was obligated to do so pursuant to D.C.COLO.LCivR 16.1), and attended the October 26, 2011 Scheduling Conference.  Plaintiff's failure to participate in the preparation of the proposed scheduling

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

order prejudiced Defendants' ability to properly prepare their defense and plan case management deadlines. Allowing the case to proceed when Plaintiff has declined to participate (presumably even after receiving correspondence from Defendants) would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have no interest in prosecuting on his own. This factor weighs in favor of dismissal.

### 2. Interference with the Judicial Process

Plaintiff's failure to prosecute his case, and specifically his failure to comply with the Court's Order, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to contact the Court or put himself in a position to comply with the Court's Order evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused the undersigned to expend unnecessary time and effort. The Court's holding of a futile Scheduling Conference and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.[3] This factor weighs in favor of dismissal.

### 3. Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. As a voluntary *pro se* litigant, it is solely Plaintiff's

---

[3] "This [Recommendation] is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).

responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules.  *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  While an examination of the record reveals that certain Orders have been returned for insufficient address, it is solely the responsibility of Plaintiff to ensure that the Court knows of his whereabouts.  *See* Docket Nos. 93-95.  The Court is left to conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance.  This factor weighs in favor of dismissal.

### 4. Advance Notice of Sanction of Dismissal

*Pro se* litigants are required to read and follow the rules of the Court. *Green*, 969 F.2d at 917.  In a Minute Order issued June 7, 2011, the Court informed Plaintiff that, as a voluntary *pro se* litigant, he was free to dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a) if he wished to no longer prosecute the lawsuit.  Docket No. 84.  Plaintiff did not do so, but was therefore on notice that dismissal of his case would be an option should he choose to no longer pursue the action.  It should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal.

### 5. Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective; however, the Court recommends that the case be dismissed without prejudice.  Although it is clear to the Court that Plaintiff no longer has interest in prosecuting his claims, the Court does not believe that Plaintiff's conduct is egregious enough to warrant dismissal with prejudice.[4]

---

[4] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly

Accordingly, for the reasons stated herein, the Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

Dated: October 27, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

in pro se cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").